## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROGER SLOAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-255-JMS-DKL |
| | ) | |
| RICHARD BROWN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Directing Further Proceedings

For the reasons explained in this Entry, further proceedings are warranted to permit the court to determine whether the exhaustion requirement of the federal habeas corpus statute requires habeas corpus petitioner Roger Sloan to return with his claim to the Indiana state courts.

## I.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. ' 2254(b), (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

Under Indiana law, a claim that a sentence has expired can be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d

354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides: "A person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."). This procedure provides a defendant making such a claim with a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

## II.

Roger Sloan seeks habeas corpus relief based on his claim that his sentence in No. 05A-2-9710-CR-678 has been fully served. His contention is that on September 13, 2009, he was discharged from that sentence and released to a consecutive sentence. Sloan's custodian argues that Sloan is not entitled to habeas relief for both procedural and substantive reasons.

The respondent argues that there is an available remedy in the state courts, consisting of an action for post-conviction relief. Sloan acknowledges this argument, but replies that he has already challenged his conviction in an appeal and in an action for post-conviction relief. He also states that "the cause has been completed according to Indiana case law in *Meeker v. Indiana Parole Board,* 794 N.E.2d 1105 (Ind.Ct.App. 2003)."

Sloan's response to the respondent's exhaustion argument is not quite apt. It is not suggested that Sloan retains an available remedy in the Indiana state courts to challenge his conviction or sentence. Indeed, that is not what Sloan challenges here. Instead, as noted above, Sloan challenges the Indiana Department of Correction's determination that his sentence in No. 05A-2-9710-CR-678 has not expired. This is different than the challenges which have already been presented to the Indiana state courts in a direction appeal and in an action for post-conviction relief. Sloan's release from the commitment associated with the conviction is obviously factually and legally distinct from any challenge which could have been presented in an appeal or a post-conviction challenge to the conviction or sentence. This averts Sloan's concern that an action for post-conviction relief based on the habeas claim would not be permitted in the state courts. This was recognized in *State v. Metcalf,* 852 N.E.2d 585 (Ind.Ct.App. 2006), where a claim factually similar to Sloan's was presented and adjudicated in a successive petition for post-conviction relief. *Id.* at 586 ("Metcalf filed a successive petition for post-conviction relief, claiming that his parole was improperly revoked in 2004 because he had not been on parole at that time. In effect, Metcalf maintained that he had been effectively discharged from parole in 1999 when the Parole Board granted a 'turn over' to serve the sentence for [the new criminal conduct which occurred] while he was on parole.").

## III.

Sloan must use Indiana's post-conviction relief process if it is available to him.

He shall have **through April 4, 2012**, in which to explain why the present action should not be dismissed without prejudice so that he can exhaust this available remedy under Indiana law through the filing of an action for post-conviction relief.

**IT IS SO ORDERED.**

Date: _03/13/2012_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Roger Sloan**
**DOC #910908**
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle, IN 47838-1111**

**All Electronically Registered Counsel**